UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRODERICK V. BULLOCK, SR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:18-CV-911-PPS-MGG |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Broderick V. Bullock, Sr., a prisoner without a lawyer, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting the denial of due process in a prison disciplinary hearing which resulted in the loss of earned credit time and a demotion in credit class. ECF 1 at 1. Bullock has also filed a motion titled "Motion: for Court Order Injunction," which the court construes as a motion for preliminary injunction. ECF 7. In his motion, Bullock requests that the court order the Warden of the Miami Correctional Facility, to immediately stop taking money from his state pay and inmate trust account for restitution he allegedly owes. *Id.* He claims he was falsely accused of battering a staff member at the Correctional Industrial Facility on March 10, 2014, but that assault never produced any physical injuries or resulting medical costs. *Id.* Thus, according to Bullock, he has been falsely accused of owing restitution because there are no medical bills or supporting documentation to justify the $18,000 restitution bill. *Id.* Because of these circumstances, Bullock now requests an "immediate

judgment" in his favor for $18,000, along with reimbursement for any monies taken out of his inmate trust account. *Id*.

In his motion, Bullock raises only one issue—restitution. However, restitution does not impact the fact or duration of his confinement. Because the restitution order imposed by the hearing officer did not lengthen the duration of Bullock's confinement, he cannot challenge it in a habeas corpus proceeding. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003); *Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000); *see also Hah Qawi v. Martin*, No. 3:07-CV-0057, 2007 WL 1119298, at *1 (N.D. Ind. Apr. 12, 2007) (recognizing that restitution is not actionable under 28 U.S.C. § 2254).

For these reasons, Bullock's motion for preliminary injunction (ECF 7) is DENIED WITH PREJUDICE.

ENTERED: February 7, 2019.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT