UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRODERICK V. BULLOCK, SR.,

    Petitioner,

    v.                        CAUSE NO.: 3:18-CV-911-PPS-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Broderick V. Bullock, Sr., a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISR 14-3-20) at the Pendleton Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of assaulting a correctional officer in violation of Indiana Department of Correction Offense A-102. On February 28, 2014, the hearing officer sanctioned Bullock with a loss of three hundred fifty-nine days of earned credit time, a demotion in credit class, and restitution for the correctional officer's medical bills. On May 7, 2015, Bullock completed his criminal sentence and was released from custody. On December 19, 2017, Bullock returned to custody on another criminal sentence, and his prison account summary reflects an outstanding debt of about eighteen thousand dollars as a result of the restitution sanction. Bullock now seeks reimbursement for the funds taken from his account as well as damages.

The Warden filed a motion to dismiss, arguing that Bullock cannot proceed on a habeas petition to challenge the sanction of restitution. Bullock responds that there is no

evidentiary basis for the amount of restitution. "[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009). "[R]estitution does not impact the fact or duration of [an inmate's] confinement and therefore is not a valid basis for habeas corpus relief." *Smith v. Neal*, 660 F. App'x 473, 475 (7th Cir. 2016). "If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). "In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy." *Id.* Bullock does not challenge the fact or duration of his confinement but instead seeks monetary compensation. Therefore, Bullock's claim that the restitution sanction is unfounded is not a basis for habeas relief.

Because it is clear from the petition and attached exhibits that Bullock is not entitled to habeas relief, the petition is denied. If Bullock wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court of Cook Cnty., Ill."*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) GRANTS the motion to dismiss (ECF 12);

(2) DENIES the petition pursuant to Section 2254 Habeas Corpus Rule 4;

(3) DIRECTS the clerk to enter judgment and to close this case; and

(4) DENIES Broderick V. Bullock, Sr., leave to proceed in forma pauperis on appeal.

SO ORDERED.

ENTERED: May 20, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT